# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:02-CR-00100-FDW

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | |
| ) | |
| CARLTON DONELL BURRIS, ) | ORDER |
| ) | |
| Defendant. ) | |

THIS MATTER comes now before the Court upon Defendant's Motion seeking an injunction pursuant to Federal Rule of Civil Procedure 65 to run any federal time Defendant may serve for violating his supervised release concurrent with state prison time Defendant is currently serving. For the reasons stated below, Defendant's Motion is DENIED.

On May 17, 2002, Defendant pleaded guilty to possession of a firearm by a convicted felon and possession of firearm ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). On November 25, 2002, this Court entered judgment against Defendant and sentenced him to thirty-seven months in prison with a two-year period of supervised release to follow. On February 23, 2005, the Probation Office petitioned this Court for the issuance of a warrant for Defendant's retention for the following supervised release violations: (1) failure to maintain lawful employment, (2) failure to submit monthly supervision reports, (3) failure to make required court payments, (4) drug/alcohol use, (5) failure to comply with drug testing / treatment requirements, (6) failure to

report change in residence, and (7) new law violation.[1]  Violation Number 7 was based upon Defendant's arrest under state charges of Murder and Robbery with a Dangerous Weapon. Defendant pleaded guilty to involuntary manslaughter in Mecklenburg County Court on June 6, 2006, and was sentenced to eighty-three months in state prison.  Detainers have been entered against Defendant, requesting that he be placed into federal custody at the conclusion of his state sentence. Defendant now comes before this Court seeking to have any federal sentence for the violation of his supervised release run concurrently with the state prison time he is currently serving.

Defendant concedes, correctly, that the decision of whether to run a federal sentence concurrently or consecutively with a state sentence is within the discretion of the district court.  See, e.g., U.S. v. Davis, No. 01-4163, 2001 WL 1083363, at *1 (4th Cir. September 17, 2001) ("A district court has authority to make a defendant's federal sentence consecutive to or concurrent with an undischarged sentence previously imposed.").  In addition, the comments to the Sentencing Guidelines state:

> If the defendant was on federal or state probation, parole, or supervised release at the time of the instant offense, and has had such probation, parole, or supervised release revoked, the sentence for the instant offense should be imposed to run consecutively to the term imposed for the violation of probation, parole, or supervised release in order to provide an incremental penalty for the violation of probation, parole, or supervised release.

U.S. Sentencing Guidelines Manual § 5G1.3 cmt. n.6 (2003).  Finally, as a matter of policy, the Court feels that "the government has an interest in imposing some penalty for a violation of probation which is distinct from the state's interest in punishing criminal offenders . . . . In this manner, the government can seek to have the state sentence and any federal sentence which may be imposed run consecutively." United States v. Sackinger, 537 F. Supp. 1245, 1251 (W.D.N.Y. 1982).

---

[1] Violation Number 7 was added by Addendum on April 13, 2005.

For the reasons stated above, the Court declines to order that Defendant's state prison time run concurrently with whatever federal time he may serve for the violation of his supervised release. The Court similarly declines to quash the warrants entered against Defendant for the violation of his supervised release. Defendant's Motion is therefore DENIED.

IT IS SO ORDERED.  Signed: October 30, 2007

Frank D. Whitney
United States District Judge